IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 1 0 2000

JAMES W. McCORMACK, CLERK

By:_____

DEP.CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| <u>ex</u> <u>rel</u>. MICHAEL TODD HIGHFILL, | ) |
| | ) |
| and | ) |
| | ) |
| MICHAEL TODD HIGHFILL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:99CV00161 SWW |
| | ) |
| KELLER MEDICAL SERVICE, INC; | ) |
| MARK KELLER, INDIVIDUALLY AND | ) |
| DOING BUSINESS AS KELLER | ) |
| MEDICAL SERVICE, INC.; | ) |
| CLARENCE WOODARD, INDIVIDUALLY | ) |
| AND DOING BUSINESS AS KELLER | ) |
| MEDICAL SERVICE, INC.; | ) |
| WADE MURRAY, RAY KEECH, and | ) |
| JUDY DAVIS, | ) |
| | ) |
| Defendants. | ) |

**AMENDED COMPLAINT**
**(False Claims Act)**

**PRELIMINARY STATEMENT**

This lawsuit is based upon an on-going scheme by Defendants Keller Medical Service, Inc., a provider of ambulance services, and its officers and owners, to defraud the United States through the Medicare program.   Plaintiff Michael Todd Highfill, by the undersigned counsel, brings this civil action on behalf of and in the name of the United States of America under the <u>qui</u> <u>tam</u> provisions of the federal False Claims Act, 31 U.S.C. §§ 3729-3733, and on behalf of himself under the whistleblower protection



provision of the False Claims Act, 31 U.S.C. § 3730(h), and alleges:

## JURISDICTION AND VENUE

1.  Counts I, II, and III of this Complaint are civil actions by Plaintiff Michael Todd Highfill, acting on behalf of and in the name of the United States, against Defendants Keller Medical Service, Inc., Mark Keller, Clarence Woodard, Wade Murray, Ray Keech, and Judy Davis under the federal False Claims Act, 31 U.S.C. §§ 3729-3733. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345, and 31 U.S.C. § 3732(a).

2.  Count IV of this Complaint is a civil action by Plaintiff Michael Todd Highfill, individually, against Defendants Keller Medical Service, Inc., Mark Keller and Clarence Woodard under the "whistleblower protection" provision of the federal False Claims Act, 31 U.S.C. § 3730(h). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345, and 31 U.S.C. § 3730(h).

3.  This case raises allegations that Defendants have defrauded the federal Medicare program through the submission of false claims for payment for the provision of ambulance services. Reimbursement for Medicare claims is made by the United States through the Health Care Finance Administration ("HCFA"), an agency within the United States Department of Health and Human Services. HCFA, in turn, contracts with private insurance intermediaries and carriers to administer and pay for claims from the Medicare Trust

2

Fund.  To that end, HCFA has contracted with Arkansas Blue Cross and Blue Shield to administer the payment of claims to Medicare providers in Arkansas.  All Medicare claims for payment, including the false claims for payment submitted by Keller Medical Service, Inc., are submitted to Arkansas Blue Cross and Blue Shield which is located at 601 Gaines Street, Little Rock, Arkansas 72203, in this judicial district.

4.   Defendants Keller Medical Service, Inc., Mark Keller, Clarence Woodard, Wade Murray, Ray Keech, and Judy Davis all reside and/or transact business in this judicial district.  In addition, many of the acts proscribed by 31 U.S.C. § 3729(a), such as the submission of false claims for payment, took place in this judicial district.  This Court, therefore, has personal jurisdiction over the Defendants and venue is appropriate in this district pursuant to 31 U.S.C. § 3732(a) which provides that any action under 31 U.S.C. § 3730 may be brought "in any judicial district in which . . . any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred."

5.   None of the allegations set forth in this Complaint is based on a public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or General Accounting Office report, hearing, audit, or investigation, or from the news media.

6. Plaintiff Michael Todd Highfill has direct and independent knowledge, within the meaning of 31 U.S.C. § 3730(e)(4)(B), of the information on which the allegations set forth in this Complaint are based.  Moreover, prior to any public disclosure of the allegations or transactions on which this Complaint is based, and prior to filing this lawsuit, Plaintiff voluntarily provided the information set forth herein to agents of the Federal Bureau of Investigation and the Department of Health and Human Services' Office of the Inspector General.

## PARTIES

7.  Plaintiff Michael Todd Highfill ("the Relator" or "Highfill") is a citizen of the United States and a resident of Searcy, Arkansas.  Highfill has been a licensed paramedic for approximately nine years.  Beginning in mid-October 1998 and continuing for two weeks thereafter, Highfill worked for Keller Medical Service, Inc.  During that time, Highfill personally observed instances of the unlawful conduct that are described in this Complaint.  After Highfill confronted management of Keller Medical Service, Inc., with the fact that it was engaging in illegal activities, and after Highfill refused to falsify records as requested by management, Keller Medical Service, Inc., terminated Highfill's employment.

8.  Defendant Keller Medical Service, Inc., is the name of the entity that employed Highfill according to Highfill's 1998 IRS

4

Form W-2 Wage and Tax Statement.  That form shows this entity has employer identification number 71-079439.  However, the Arkansas Secretary of State has no record that Keller Medical Service, Inc., is an Arkansas corporation or a foreign corporation registered to do business in Arkansas.  To the extent this entity exists under this name, Highfill alleges on information and belief that Keller Medical Service, Inc., is an Arkansas corporation with its principal place of business in Jonesboro, Arkansas.  On information and belief, Keller Medical Service, Inc., (to the extent it may exist) is also known as Keller Medical Service, Inc.

9.    Defendant Keller Medical Service, Inc., is a privately-owned corporation which provides ambulance services in Arkansas. Keller Medical Service, Inc., is based in Jonesboro, and has other offices in Lake City, Harrisburg, and Pocahontas.  According to its 1999 Ambulance Service License Application, Keller Medical Service, Inc., operates 7 ambulances, but Highfill is informed and believes it operated approximately 12 ambulances in October 1998.  Keller Medical Service, Inc., employs approximately 25 paramedics and approximately 25 emergency medical technicians ("EMTs").

10.    Defendant Mark Keller is one of the owners of Keller Medical Service, Inc.  On information and belief Keller Medical Service, Inc.,is a partnership, joint venture or other form of business entity for which Mark Keller is personally liable.  In the alternative, Mark Keller is personally liable for the operations of

Keller Medical Service, Inc., because that entity does not exist as a corporation in Arkansas even though Mark Keller has conducted business in that name. Upon information and belief, Mark Keller has had knowledge of, has encouraged and/or directed, and has benefitted from the submission of the claims described in this Complaint, "knowing," as the term is defined in 31 U.S.C. § 3729(b), that these claims were false.

11. Defendant Clarence Woodard is one of the owners of Keller Medical Service, Inc. On information and belief Keller Medical Service, Inc., is a partnership, joint venture or other form of business entity for which Clarence Woodard is personally liable. In the alternative, Clarence Woodard is personally liable for the operations of Keller Medical Service, Inc., because that entity does not exist as a corporation in Arkansas, even though Clarence Woodard has conducted business in that name. Upon information and belief, Clarence Woodard has had knowledge of, has encouraged and/or directed, and has benefitted from the submission of the claims described in this Complaint, "knowing," as the term is defined in 31 U.S.C. § 3729(b), that these claims were false.

12. Defendant Wade Murray is the Director of Operations and an agent of Keller Medical Service, Inc. Upon information and belief, Wade Murray has had knowledge of, has encouraged and/or directed, and has benefitted from the submission of the claims described in this Complaint, "knowing," as the term is defined in

31 U.S.C. § 3729(b), that these claims were false. At all times relevant to this Complaint, Wade Murray was acting within the scope of his agency and employment with Keller Medical Service, Inc.

13.  Defendant Ray Keech is the Medicare Compliance Officer and an agent of Keller Medical Service, Inc. Upon information and belief, Ray Keech has had knowledge of, has encouraged and/or directed, and has benefitted from the submission of the claims described in this Complaint, "knowing,"as the term is defined in 31 U.S.C. § 3729(b), that these claims were false. At all times relevant to this Complaint, Ray Keech was acting within the scope of his agency and employment with Keller Medical Service, Inc.

14.  Defendant Judy Davis was a paramedic and manager of the Defendant Keller Medical Service, Inc. Upon information and belief, Judy Davis has had knowledge of, has encouraged and/or directed, and has benefitted from the submission of the claims described in this Complaint, "knowing,"as the term is defined in 31 U.S.C. § 3729(b), that these claims were false. At all times relevant to this Complaint, Judy Davis was acting within the scope of her agency and employment with Keller Medical Service, Inc.

15.  The United States Department of Health and Human Services ("HHS"), acting by and through HCFA, is an agency of the United States responsible for, among other things, administering the Medicare program under which the providers of ambulance services may be reimbursed with federal funds.

7

## MEDICARE REIMBURSEMENT FOR AMBULANCE SERVICES

16.    Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395, *et seq.*, establishes the Health Insurance for the Aged and Disabled Program, popularly known as the Medicare program.  The Medicare program is comprised of two parts.  Part A provides basic insurance for the costs of hospitalization and post-hospitalization care.  42 U.S.C. §§ 1395c-1395i-2 (1992).  Part B is a federally subsidized, voluntary insurance program that pays for a wide range of medical services and supplies, such as physician services.  42 U.S.C. §§ 1395k, 1395l, 1395x(s).  Reimbursement for Medicare claims is made by the United States through HCFA.  HCFA, in turn, contracts with private intermediaries and carriers to administer and pay Part A and Part B claims from the Medicare Trust Fund.  42 U.S.C. § 1395u.  In this capacity, the intermediaries and carriers act on behalf of HCFA.  42 C.F.R. § 421.5(b).

17.    Under some circumstances, Part B of the Medicare program covers ambulance transportation.  42 C.F.R. § 410.40.  However, Medicare only reimburses beneficiaries for non-emergency ambulance services under specific, limited conditions.  42 C.F.R. § 410.40(b).

18.    In order to be covered by Medicare, ambulance services must be "medically necessary," *i.e.*, the use of other means of transportation would endanger the patient's health, whether or not

such other transportation is actually available.  Medicare Carrier Manual ("MCM") § 2120.2(A).

19.  In addition, Medicare covers ambulance services only if they are reasonable in the treatment of the illness or injury involved.  MCM § 2120.2(B).

20.  Medicare reimbursement rules specifically state that a "beneficiary receiving maintenance dialysis on an outpatient basis is not ordinarily ill enough to require ambulance transportation for dialysis treatment."  MCM § 2120.3.  Accordingly, Medicare carriers are instructed: "Carefully review round trip ambulance services to outpatient dialysis facilities on a per visit basis for medical necessity.  Deny claims for transportation to freestanding dialysis facilities for routine maintenance dialysis treatments."  MCM § 4115.

21.  Ambulance transportation providers submit claims for reimbursement to the Medicare program on a claim form known as a "HCFA 1491."  The HCFA 1491 requires the provider to describe, among other things, the illness or injury that made ambulance transportation necessary.

## THE FRAUDULENT ACTIVITIES

22.  Each day, Keller Medical Service, Inc., has provided scheduled (non-emergency) medical transfers for approximately 60 patients.  These medical transfers have involved transporting patients to dialysis treatments, rehabilitation treatments, or

regular office visits with physicians.  The Relator is informed and believes that most of these transfers have been billed to, and paid for, by the Medicare program.  The Relator is further informed and believes, however, that most of these patients have been ambulatory, and that the use of an ambulance to transport them has been neither medically necessary nor reasonable in the treatment of the patients' illness or injury.

23.   Each time a patient is transported by ambulance in Arkansas, the paramedic is required to complete an EMS Encounter Form, or "Run Form," which documents the ambulance run.  The form has a space for "chief complaint" in which the paramedic is supposed to state the patient's description of his chief complaint.  Defendant Ray Keech, the Medicare Compliance Officer for Keller Medical Service, Inc., instructed the Relator to make sure that there was a "chief complaint" listed on every Run Form.

24.   For every scheduled patient trip, Keller Medical Service, Inc., requires its paramedics to take a clipboard with a sheet of paper listing various information, including the patient's customary complaints.  This is meant to instruct the paramedic on what to state as the "chief complaint" in the Run Form.

25.   The Run Form also has a space for a narrative in which the paramedic can describe the patient's condition, _i.e._, whether the patient is or is not ambulatory.  Defendant Wade Murray, the Director of Operations for Keller Medical Service, Inc., instructed

the Relator always to write on the Run Form that the patient was nonambulatory, and always to state that the patient was strapped to the cot in the ambulance for transportation, regardless of what the facts really were.

26.   Upon information and belief, Keller Medical Service, Inc., keeps CMNs, complete with the physicians' signatures, on its computer. Upon information and belief, in order to document the medical necessity of any particular ambulance transfer, Keller Medical Service, Inc., would simply print a copy of the CMN and use it as though it were an original.

27.   While employed at Keller Medical Service, Inc., the Relator was responsible for transporting several Medicare patients for routine dialysis treatments.   Most of these patients were ambulatory.  One particular patient, whom Relator transported about 12 times in two weeks, was ambulatory on every occasion: he usually walked from his house to the ambulance or climbed off of his tractor to walk to the ambulance.   The patient information on the clipboard stated that this patient complained of "knee pain."   On a Friday, after he had been working at Keller Medical Service, Inc., for two weeks, the Relator had a discussion about this patient with Defendant Ray Keech, the Medicare Compliance Officer. During that encounter, the Relator told Mr. Keech that there was no legitimate chief complaint that would support ambulance transportation of this particular patient, and that he would not

lie on the paperwork.  Mr. Keech responded that the Relator had to fill in a chief complaint on the Run Form and stated that the Relator could always use "knee pain" as the chief complaint, since the patient's knees sometimes hurt.  The following Monday, Keller Medical Service, Inc., terminated the Relator's employment.  At that time, Defendant Wade Murray told the Relator he was not a "team player."

28.   Upon information and belief, Keller Medical Service, Inc., submitted false claims to the Medicare program, which claims were paid by the United States, for ambulance services provided to this particular patient who purportedly had "knee pain."  The claims were based on documentation, including a HCFA 1491, which falsely indicated that the services were medically necessary and that the patient was being transported for some reason other than routine dialysis, which was the true reason for the transport.

29.   Upon information and belief, since it was founded in or about 1994, Keller Medical Service, Inc., has knowingly submitted false claims to Medicare, which claims were paid by the United States, for numerous services provided to patients.  The claims were supported by documentation that was false in that it falsely indicated that the services were medically necessary and reasonable in the treatment of the patients' illness or injury.  Upon information and belief, because of these false claims, the United States has paid Keller Medical Service, Inc., in excess of

($5,000,000) five million dollars to which Keller Medical Service, Inc., was not entitled.

### COUNT I
### (Federal False Claims Act - 31 U.S.C. § 3729(a)(1))

30.     This is a civil action by Plaintiff Michael Todd Highfill, acting on behalf of and in the name of the United States, against Defendants Keller Medical Service, Inc., Mark Keller, individually and doing business as Keller Medical Service, Inc., Clarence Woodard, individually and doing business as Keller Medical Service, Inc., Wade Murray , Ray Keech, and Judy Davis under the False Claims Act.

31.     Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

32.     The Defendants have knowingly submitted false or fraudulent claims for payment, or caused false or fraudulent claims for payment to be submitted, to officials of the United States Government, in violation of 31 U.S.C. § 3729(a)(1).

33. Because of the Defendants' conduct set forth in this Count, the United States has suffered actual damages.

### COUNT II
### (Federal False Claims Act - 31 U.S.C. § 3729(a)(2))

34.     This is a civil action by Plaintiff Michael Todd Highfill, acting on behalf of and in the name of the United States, against Defendants Keller Medical Service, Inc., Mark Keller, individually and doing business as Keller Medical Service, Inc.,

Clarence Woodard, individually and doing business as Keller Medical Service, Inc., Wade Murray , Ray Keech, and Judy Davis under the False Claims Act.

35.   Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

36.   The Defendants have knowingly made or used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by officials of the United States Government, in violation of 31 U.S.C. § 3729(a)(2).

37.   Because of the Defendants' conduct set forth in this Count, the United States has suffered actual damages.

### COUNT III
### (Federal False Claims Act - 31 U.S.C. § 3729(a)(3))

38.   This is a civil action by Plaintiff Michael Todd Highfill, acting on behalf of and in the name of the United States, against Defendants Keller Medical Service, Inc., Mark Keller, individually and doing business as Keller Medical Service, Inc., Clarence Woodard, individually and doing business as Keller Medical Service, Inc., Wade Murray , Ray Keech, and Judy Davis under the False Claims Act.

39.   Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

40.   The Defendants have conspired among themselves and/or with others to defraud the Government by getting false or

fraudulent claims allowed or paid, in violation of 31 U.S.C. § 3729(a)(3).

41.    Because of the Defendants' conduct set forth in this Count, the United States has suffered actual damages.

## COUNT IV
### (Federal False Claims Act - 31 U.S.C. § 3730(h))

42.    This is a civil action by Plaintiff Michael Todd Highfill, individually, against Defendants Keller Medical Service, Inc., Mark Keller, individually and doing business as Keller Medical Service, Inc., and Clarence Woodard, individually and doing business as Keller Medical Service, Inc., under the "whistleblower protection" provision of the False Claims Act.

43.    Plaintiff realleges and incorporates by reference paragraphs 1 through 40 as though fully set forth herein.

44.    Upon discovering the Defendants' unlawful acts described in this Complaint, Plaintiff confronted management of Keller Medical Service, Inc., about the unlawful nature of the Defendants' activities, and in contravention of Defendants' instructions, he refused to falsify documents. In so doing, Plaintiff was engaging in lawful acts in furtherance of an action to be filed under the False Claims Act. Because of Plaintiff's lawful acts, Keller Medical Service, Inc., immediately terminated Plaintiff, in violation of 31 U.S.C. § 3729(h).

45. Because of Keller Medical Service, Inc.'s conduct set forth in this Count, the Plaintiff has suffered actual damages, including lost wages and other special damages.

## COUNT V
### (Common Law Fraud)

46. The Plaintiff incorporates all preceding paragraphs as if fully rewritten.

47. The Medicare claims for reimbursement for transporting ambulatory patients were misrepresentations of a material fact. Defendants transportation of ambulatory patients was not medically necessary, but was represented as necessary.

48. Defendants made these misrepresentations with knowledge of their falsity or with reckless disregard for their truth and intended for the United States to act on the misrepresentation by paying the claims.

49. The United States, acting in reliance on Defendants' misrepresentations, paid the fraudulent claims.

50. As a result of its payments, the United States has been damaged in an amount to be determined at trial.

## COUNT VI
### (Unjust Enrichment)

51. Plaintiff incorporates all preceding paragraphs as if fully rewritten.

52. The United States, through the carrier and Blue Cross and Blue Shield, paid Defendants for claims under the Medicare program which had been submitted for services that were not medically necessary.

53. By causing the United States to pay for Medicare claims which were not medically necessary, Defendants were unjust enriched to the detriment of the United States, in an amount to be determined at trial.

<u>COUNT VII</u>
**(Payment Under Mistake of Fact)**

54. Plaintiff incorporates all preceding paragraphs as if fully rewritten.

55. The false representations made by the Defendants concerning the medical necessity of the claimed transportation services were material to the determination to pay the claims for those services under the Medicare program.

56. The United States, through the carrier, relied on the representations of the Defendants concerning the medical necessity of the transportation service for which reimbursement was sought. The United States would not have paid for any claims had it known that the services were not medically necessary.

57. The United States, relying on the Defendants' representations regarding the medical necessity and appropriate billing for such services, paid said claims to Defendants, thereby

resulting in damages to the United States in an amount to be determined at trial.

## COUNT VIII
### (Breach of Contract)

58. Plaintiff incorporates all preceding paragraphs as if fully rewritten.

59. Under the Medicare program, the United States offered to reimburse the Defendants a portion of the reasonable cost of medically necessary services.  As such, the offer constituted an unilateral contract.  The terms of such contract, including applicable Medicare regulations, were accepted by the Defendants each and every time they or their agents executed a medicare claim and submitted it to the carrier, Arkansas Blue Cross and Blue Shield.

60. The requirement that the services for which reimbursement was sought be medically necessary was a material term of each contract.

61. The Defendants breached, or caused to be breached, the contract term that make payment contingent upon the medical necessity of service provided, and adherence to Medicare regulations.

62. The United States has been damaged in an amount to be determined at trial by reason of the breach of these contracts.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Todd Highfill prays for the following relief:

1.  On Counts I, II, and III, judgment for the United States against each of the Defendants, jointly and severally, in an amount equal to three times the damages the United States Government has sustained because of the Defendants' actions, plus a civil penalty of $10,000 for each violation of 31 U.S.C. § 3729;

2. On Counts V (Common Law Fraud), VI (Unjust Enrichment), VII (Payment Under Mistake of Fact), and VIII (Breach of Contract), in an amount to be determined at trial.   The United States also requests that Defendants be assessed prejudgment interest on all common law claims from the date of the first false claim.

3.  On Counts I, II, and III, an award to the Relator of the maximum allowed under 31 U.S.C. § 3730(d);

4.  On Count IV, judgment for Plaintiff Michael Todd Highfill, individually, against Defendants Keller Medical Service, Inc., Mark Keller, individually and doing business as Keller Medical Service, Inc., and Clarence Woodard, individually and doing business as Keller Medical Service, Inc., in an amount equal to two times the amount of back pay, interest on the back pay, plus special damages.

5.   Against all Defendants, attorneys' fees, expenses, and costs of suit herein incurred; and

6.  Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands that this matter be tried before a jury.

Respectfully submitted,

PAULA J. CASEY
United States Attorney


A. DOUG CHAVIS
Assistant U.S. Attorney
P.O. Box 1229
Little Rock, Arkansas   72203
Bar No. 74022
(501) 324-5178

## Certificate of Service

I hereby certify that a copy of the foregoing has been mailed to the following on this 8th day of August, 2000:

Jess Askew, III, Esq.
212 Center Street, 10th Floor
Little Rock, AR   72201

Mr. Charles Banks, Esq.
Armstrong, Allen, Prewitt, Gentry,
 Johnston & Holmes, P.L.L.C.
100 Morgan Keegan Drive, Suite #100
Little Rock, AR   72202

William E. Kiger, Esq.
1327 Market Street
Parkersburg, West Virginia   26101

Jack T. Lassiter, Esq.
Hatfield & Lassiter
401 West Capitol, Suite 502
Little Rock, AR   72201

Lucinda McDaniel, Esq.
Womack, Landis, Phelps,
 McNeill & McDaniel, P.A.
P. O. Box 3077
Jonesboro, AR   72403

William J. Stanley, Esq.
McDaniel & Wells, P.A.
400 S. Main Street
Jonesboro, AR   72401

Robert L. Vogel, Esq.
1225 19th Street, N. W.
Suite 300
Washington, D. C.   20036

A. Doug Chavis

21